

11 BROADWAY, SUITE 715     NEW YORK, NEW YORK 10004
Tel. (212) 344-5180     www.criminal-defense.nyc

MATTHEW J. GALLUZZO                                                                                          ERIC M. ARNONE

July 29, 2021

Judge John P. Cronan
District Court Judge
United States District Court
Southern District of New York
<u>VIA ECF</u>

  Re: United States v. Lazaro Rosabal Fleitas, 19-CR-631(WHP)

Dear Judge Cronan,

  I represent Mr. Fleitas in the above-captioned matter pursuant to the Criminal Justice Act. I write to request that the Court order the U.S. Marshals to provide non-custodial transportation for my client so that he may attend his sentencing hearing and his pre-sentence interview. My client lives in Miami, Florida, and has previously been determined to be unable to afford counsel. His financial situation has not markedly improved since that determination, either.

  Judge Pauley previously authorized this transportation, pursuant to 18 U.S.C. § 4285 (<u>see</u> Document 29, dated February 4, 2020, attached as Exhibit 1). The U.S. Marshals then arranged for Mr. Fleitas to fly to New York for his presentence interview with the Department of Probation. Although that previous order from Judge Pauley seemingly authorized transportation for Mr. Fleitas' sentencing, I was informed today by the U.S. Marshals that the prior order was too old and that a new order would need to be signed by Your Honor to provide my client with transportation services for his upcoming sentencing on August 18.



**11 BROADWAY, SUITE 715**     **NEW YORK, NEW YORK 10004**
Tel. (212) 344-5180              www.criminal-defense.nyc

MATTHEW J. GALLUZZO                                                        ERIC M. ARNONE

Pursuant to 18 U.S.C. § 4285, this Court may direct the U.S. Marshal to arrange for an indigent defendant's means of non-custodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the U.S. Marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. Accordingly, I respectfully request that the Court so order this travel compensation for my client.

Most sincerely,

_____/s/_____
Matthew J. Galluzzo, Esq.
The Law Office of Matthew Galluzzo PLLC
11 Broadway Suite 715
New York, New York 10004
(212) 344-5180

CC:
AUSA Emily Johnson
AUSA Kiersten Fletcher
<u>VIA EMAIL AND ECF</u>

This request is granted.

SO ORDERED.
Date: July 30, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge



11 BROADWAY, SUITE 715        NEW YORK, NEW YORK 10004
Tel. (212) 344-5180        www.criminal-defense.nyc

MATTHEW J. GALLUZZO                                                                                          ERIC M. ARNONE

**MEMO ENDORSED**

February 4, 2020

Judge William H. Pauley, III
Senior District Court Judge
United States District Court, Southern District of New York
<u>VIA ECF</u>

    Re:    United States v. Lazaro Rosabal Fleitas, 19-CR-631(WHP)

Dear Judge Pauley,

    I represent the defendant in the above-captioned matter pursuant to the Criminal Justice Act. I write to request that the Court order the U.S. Marshals to provide non-custodial transportation for my client so that he may attend his sentencing hearing and his pre-sentence interview. My client lives in Miami, Florida, and has previously been determined to be unable to afford counsel. His financial situation has not improved since that determination, either. Indeed, his wife just had a baby in January 2020 and his financial circumstances are thus even more tenuous. Although my client has been paying for his flights to New York to attend his previous court appearances, that expense has been significant for him and his family.

    I am informed by the Probation officer assigned to prepare my client's presentence report that the presentence interview needs to happen in person in New York City. As such, he would need to appear in New York at least twice: once for the interview, and once for his sentencing hearing. Notably, my client has been fully compliant with all aspects of his bail conditions.



11 BROADWAY, SUITE 715        NEW YORK, NEW YORK 10004
Tel. (212) 344-5180           www.criminal-defense.nyc

MATTHEW J. GALLUZZO                                        ERIC M. ARNONE

  Pursuant to 18 U.S.C. § 4285, this Court may direct the U.S. Marshal to arrange for an indigent defendant's means of non-custodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the U.S. Marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. Accordingly, I respectfully request that the Court so order this travel compensation for my client.

             Most sincerely,

             _____/s/_____
             Matthew J. Galluzzo, Esq.
             GALLUZZO & ARNONE LLP
             11 Broadway Suite 715
             New York, New York 10004
             (212) 344-5180

CC:
AUSA Emily Johnson
AUSA Kiersten Fletcher
<u>VIA EMAIL AND ECF</u>

            Application granted.

            SO ORDERED:

            _____
            WILLIAM H. PAULEY III
            U.S.D.J.

            February 5, 2020