UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA              :
:   CONSENT PRELIMINARY ORDER
- v. -                                :   OF FORFEITURE AS TO SPECIFIC
:   PROPERTY/
LAZARO FELIX ROSABAL FLEITAS,         :   MONEY JUDGMENT
:
                    Defendant.        :   19 Cr. 631 (JPC)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 29, 2019, LAZARO FELIX ROSABAL FLEITAS (the "Defendant"), was charged in a one-count Indictment, 19 Cr. 631 (WHP) (the "Indictment"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Indictment and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, on or about January 24, 2020, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $150,750.00 in United States currency, representing property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $150,750.00 in United States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property seized on or about July 15, 2019:

    a)    $1,650.00 in United States Currency;

    b)    Dell Laptop: S/N- FB9Q3P2;

    c)    HP Laptop: S/N- CNO4172YTN;

    d)    Tablet: S/N- R52K702KAGJ;

    e)    Western Digital Hard Drive: S/N- WCC4J7t2NDL0;

    f)    Seagate Hard Drive: S/N- SIG0P2CJ

    g)    Seagate Hard Drive: S/N- 5VVP2GQ

    h)    Samsung Cellphone: Model Galaxy Note 9: S/N- N/A

    i)    HTC Mobile Cellphone: S/N- HTQCCRYQQ771

    j)    LG Cellphone: S/N- QQ5CQNL389111

    k)    LG Cellphone: S/N- 303KPQJ1680860

    l)    LG Cellphone: S/N- 101KPVH0244255

    m)    iPhone: S/N- FFWXP8FBKPHF

    n)    Samsung Galaxy Cellphone: IMEI- 354416109386946

    o)    Alcatel Cellphone: IMEI- 014802003615351

    p)    Motorola Cellphone: S/N- DEC02712989455

    q)    Kyocera Cellphone Model S1360: S/N- N/A

    r)    Alacatel Cellphone: S/N- 270113185013134711

    s)    Samsung cellphone Model SM-G550T1: S/N- N/A

t)    Samsung Galaxy S10+ Cellphone: IMEI- 354415109214033

u)    Black USB: S/N- N/A

v)    DVR Model # RLN16-410: S/N- N/A

(the "Specific Property"), which constitutes property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys, Kiersten A. Fletcher and Emily A. Johnson, of counsel, and the Defendant, and his counsel, Matthew Galluzzo, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $150,750.00 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, LAZARO FELIX ROSABAL FLEITAS, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.  Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____    9/17/21
KIERSTEN A. FLETCHER                      DATE
EMILY A. JOHNSON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238/2409

LAZARO FELIX ROSABAL FLEITAS

By: _____    9-17-21
LAZARO FELIX ROSABAL FLEITAS             DATE

By: _____    7-17-21
MATTHEW J. GALLUZZO, ESQ.                DATE
Attorney for Defendant
11 Broadway #715
New York, NY 10004

SO ORDERED:

_____        9/17/21
HONORABLE JOHN P. CRONAN                 DATE
UNITED STATES DISTRICT JUDGE